HALLOCK, appellant, v. DE MUNN *et al.*

*Married women — contracts by.*

In order to maintain an action on the note of a married woman, it must be shown affirmatively that the debt was contracted, either for the purpose of carrying on a separate trade or business, or for the benefit of her separate estate, or for her own benefit on the credit of her separate estate.

APPEAL from a judgment entered upon the report of a referee. The action is upon a promissory note described as follows :

" $185                                  TROUPSBURGH, *May* 17, 1870.

" On or before two years from date, I promise to pay David Conderman or bearer, one hundred and eighty-five dollars, with use.

(Signed)                "DIANNA C. DE MUNN.
                        "JOHN F. DE MUNN.

"JOHN F. DE MUNN, *Security.*"

The cause was tried before a referee. The only evidence given at the trial on the part of the plaintiff was the note itself. The only evidence on the part of the defendants was that Dianna C. De Munn was a married woman. The referee found that the said Dianna C. De Munn was, at the time of the giving of said note, a married woman, and had been for many years, and was the wife of the said John F. De Munn, and as a conclusion of law, held and reported that said note was void as to her, and dismissed the complaint.

Judgment was entered accordingly, from which the plaintiff appealed.

*A. J. McCall,* for appellant.

*A. Hadden,* for respondent.

E. DARWIN SMITH, J. The decision of the referee was clearly right. The notes and contracts of married women are still *prima facie* void at common law (*Ballin* v. *Dillaye*, 37 N. Y. 35), and only valid when made, as allowed under the statute of March 20, 1860 (Laws of 1860, chapter 90), entitled "An act concerning the rights and liabilities of husband and wife," as amended in 1862 (Laws of 1862, chapter 172).

In order to maintain an action on the note, or other contract of a married woman, it must be shown affirmatively that the debt was contracted, either for the purpose of carrying on a separate trade or business, or for the benefit of her separate estate, or for her own benefit, on the credit of her separate estate. This was held in *Kinne* v. *Kinne*, in this department, of the April term, in a brief opinion which I find published in 45 How. 68, following the case of *Yale* v. *Dederer*, 18 N. Y. 265; S. C., 22 id. 450; *Corn Exchange Ins. Co.* v. *Babcock*, 42 id. 614. These essential facts, to entitle the plaintiff to recover as against the defendant, Dianna C. De Munn, were not proved at the trial, and the referee properly dismissed the complaint as against her.

The judgment should be affirmed.

*Judgment affirmed.*